UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bank of America, | ) C/A No.: 2:11-468-RMG-BHH |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) and Order |
| Kenneth Weston, | ) |
| | ) |
| Defendants. | ) |

The above-captioned case was removed to the United States District Court for the District of South Carolina by the *pro se* Defendant ("Defendant") in a state court action. The underlying case in state court was a foreclosure of Defendant's real property filed by the Bank of America ("BOA"). Defendant did not pay the $350.00 filing fee for removing a case to federal court, but has submitted a Form AO 240 (Application to Proceed *In Forma Pauperis*).

In Defendant's Notice of Removal he contends: *(1)* the underlying state court action was commenced by BOA on September 3, 2010; *(2)* this Court has original jurisdiction over the issues insofar as they arise under the laws of the United States within the meaning of 28 U.S.C. §1331; *(3)* that BOA has not complied with 15 U.S.C. §1692 (the Federal Debt Collection Practices Act (FDCPA)); *(4)* that Defendant has filed a Counterclaim which alleges that BOA has violated the FDCPA, the Truth-in-Lending Act, the National Housing Act, and the Real Estate Settlement Practices Act (RESPA); *(5)* that BOA has violated the Defendants right to equal protection under the law in violation of the Constitutions of the United States of America and the State of South Carolina; *(6)* that the "other bases for relief... arise out of... the same case and controversy, so that this Court has supplemental

1

jurisdiction" over the other claims for relief; *(7)* that there is complete diversity of citizenship between BOA and the Defendant because BOA does business in the State of South Carolina, the Defendant is a citizen of Lisbon, Ohio, and the amount in controversy exceeds $75,000.00; *(8)* that the Federal Doctrine of Separation of Powers, the Commerce Clause, and the National Bank Act are all implicated in this action; *(9)* that the removal is timely because the removability of the action was not apparent until January 27, 2011, the date BOA replied to the Defendant's Counterclaim.

## Discussion

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, ... which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). We presume "that a cause lies outside this limited jurisdiction, ... and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* Removal statutes, in particular, must be strictly construed, inasmuch as the removal of cases from state to federal court raises significant federalism concerns. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) ("The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution."); see also *Healy v. Ratta*, 292 U.S. 263, 270, 54 S.Ct. 700, 78 L.Ed. 1248 (1934) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."); *Maryland*

2

*Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir.2005) (noting our duty to construe removal jurisdiction strictly because of the significant federalism concerns implicated by removal). Doubts about the propriety of removal should be resolved in favor of remanding the case to state court. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir.2004)(en banc ); *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir.1999).

Section 1441(a) of Title 28 of the United States Code provides that "the defendant or the defendants" may seek to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Section 1446 of Title 28 describes the appropriate removal procedure to invoke federal jurisdiction, and requires the defendant seeking removal to file a timely notice of removal stating the grounds for removal with the appropriate federal district court. Id. §§ 1446(a) & (b). In order to be timely,

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....

Id. § 1446(b). The thirty-day window for removal is designed to prevent "undue delay in removal and the concomitant waste of state judicial resources." *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 163 (4th Cir.1997).

The complaint, according to Defendant, was filed in state court on September 3, 2010. The case was not removed by Defendant until February 28, 2011..[1]  Although the

---

[1]Since Defendant is a prisoner, he has the benefit of the "filing by mail" rule for prisoner cases, which was established by the Supreme Court in *Houston v. Lack*, 487 U.S. 266 (1988). The postmark on the envelope used by Defendant to file his Notice of Removal shows it was mailed on February 25, 2011.

Notice of Removal was not timely filed by Defendant, a plaintiff's objection to an untimely removal by a defendant, in certain circumstances, is a waivable defense *when a federal district court otherwise would have subject-matter jurisdiction*. In other words, if there is federal question jurisdiction or if there is diversity of citizenship, a plaintiff must file a motion to remand within thirty days after the Notice of Removal was filed. 28 U.S.C. § 1447(c).  If a plaintiff does not file a motion to remand within thirty days of the filing of the Notice of Removal, the plaintiff waives all procedural defects in the removal.  *In Re Shell Oil Co.*, 932 F.2d 1523, 1527 & nn. 6-7 (5th Cir. 1991).

Even so, applicable case law and statutory law, including 28 U.S.C, § 1447(c), provide that subject-matter jurisdiction cannot be conferred by estoppel, waiver, or consent. *See Buchner v. Federal Deposit Insurance Corp.*, 981 F.2d 816, 818 (5th Cir. 1993)("Although parties may waive their rights to remove a case or to contest the removal procedure, they may neither confer subject matter jurisdiction on the district court nor strip it of such jurisdiction by agreement or waiver."); and *Page v. Wright*, 116 F.2d 449, 451-455 (7th Cir. 1940). *Cf. Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 & n. 15 (1981)(jurisdictional ruling cannot be made prospective only). As a result, even if a plaintiff fails to object to a Notice of Removal within thirty days after the Notice of Removal is filed, a federal district court must still remand the case to state court if there is no federal question jurisdiction or diversity jurisdiction. In the case at bar, even if BOA does not object to the Notice of Removal within the time limit established by 28 U.S.C. § 1447(c), this case must still be remanded to the Court of Common Pleas for Berkeley County.  *See Williams v. AC Spark Plugs Division of General Motors Corporation*, 985 F.2d 783, 786 (5th Cir. 1993), and 28 U.S.C. § 1447(c).

4

Although a federal court is not bound by the parties' characterization of a case or its appropriate parties, a district court must first look at the plaintiff's complaint filed in a state court to determine if "federal question" jurisdiction is present. *Lyon v. Centimark Corporation*, 805 F. Supp. 333, 334 (E.D.N.C. 1992). District courts are authorized to disregard such characterizations only to avoid "unjust manipulation or avoidance of its jurisdiction." *Lyon v. Centimark Corporation*, 805 F. Supp. at 334-335.

The complaint originally filed by BOA in the Court of Common Pleas for Berkeley County on September 3, 2010, does not involve federal question jurisdiction. *See Gully v. First National Bank in Meridian*, 299 U.S. 109, 112-113 (1936). The Defendant himself indicated the action filed in state court was one for the foreclosure of real property. Simply put, the underlying case filed by BOA in the Court of Common Pleas for Berkeley County on September 3, 2010, was a state-law suit. As a result, the complaint filed by BOA could not have been filed in this federal district court because diversity of citizenship obviously did not exist and because the action on the note and mortgage was a contractual matter arising solely under South Carolina law.

Defendant filed a Counterclaim in the Court of Common Pleas for Berkeley County alleging, *inter alia*, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Since suits under the Fair Debt Collection Practices Act are suits involving a federal question, Defendants Counterclaim could have been originally filed in this district court. Even so, Defendant filed his counterclaim in the Court of Common Pleas for Berkeley County, *not* in an original suit in the United States District Court for the District of South Carolina. Hence, *with respect to the counterclaim*, Defendant is actually a "plaintiff."

5

The statutory language of 28 U.S.C. § 1441 permits removal only by defendants, not plaintiffs. With respect to the Counterclaim alleging violations of the Fair Debt Collection Practices Act, and other federal statutes, Defendant is a "plaintiff[,]" who filed his Counterclaim in the Court of Common Pleas for Berkeley County, not in an original suit in this federal district court. Hence, with respect to the Counterclaim, BOA was the "defendant" insofar as a removal to federal court is concerned. Thus, only BOA, the "defendant" in the Counterclaim matter, could have removed the case to this court *on the basis of the counterclaim*, but they did not do so.

Insofar as diversity jurisdiction is concerned, the plaintiff appears to be a South Carolina resident currently incarcerated in Ohio. Most cases have uniformly held that incarceration does not change a prisoner's domicile for purposes of the diversity statute. *See Polakoff v. Henderson*, 370 F. Supp. 690, 693 (N.D.Ga. 1973)("A prisoner does not acquire a new domicile in the place of incarceration, but retains the domicile he had prior to incarceration."); and *cf. Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir.)(*per curiam*)("With respect to the domicile of prisoners, the traditional rule is that a prisoner does not acquire a new domicile when he is incarcerated in a different state; instead he retains the domicile he had prior to his incarceration."). *See also Nouse v. Nouse*, 450 F. Supp. 97, 100 (D.Md. 1978)("But plaintiff has not lost his status as a citizen of Maryland and become a citizen of Pennsylvania simply because of his incarceration in that state."), which involved a suit filed by a prisoner against his former wife and her mother. Defendant is presumably a South Carolina resident because he owns real property in the State of South Carolina. He cannot claim that he is a resident of Ohio based solely on his incarceration there.

In summary, the original suit filed by BOA was based on a state law cause of action. The suit could not have been originally filed in the United States District Court for the District of South Carolina because federal question jurisdiction, and diversity jurisdiction, were lacking. With respect to the Counterclaim filed by Defendant in state court, BOA was the "defendant[.]"

The law is unclear whether an order or a Report and Recommendation should be entered in this case, *see Long v. Lockheed Missiles & Space Co.*, 783 F. Supp. 249 (D.S.C. 1992). Most case law subsequent to *Long v. Lockheed Missiles & Space Co.* has indicated that the undersigned may enter an order of remand. *See, e.g., Vaquillas Ranch Company v. Texaco Exploration & Production, Inc.*, 844 F. Supp. 1156, 1160-1163 (S.D.Tex. 1994)(criticizing the rationale in *Giangola v. Walt Disney World Co.*, 753 F. Supp. 148 (D.N.J. 1990), and distinguishing *Long v. Lockheed Missiles & Space Co.*, *supra*); *Holt v. Tonawanda Coke Corporation*, 802 F. Supp. 866, 868 (W.D.N.Y. 1991); *McDonough v. Blue Cross of Northeastern Pennsylvania*, 131 F.R.D. 467 (W.D.Pa. 1990); and *City of Jackson v. Lakeland Lounge of Jackson, Inc.*, 147 F.R.D. 122, 124 (S.D.Miss. 1993)("This Court joins that group of courts which hold that a motion to remand is nondispositive and can be determined by a magistrate judge by final order.").

The United States Court of Appeals for the First Circuit in *Unauthorized Practice of Law Committee v. Gordon*, 979 F.2d 11, 12-13 (1st Cir. 1992), noted the existence of conflicting authorities, including *Giangola v. Walt Disney World Co.*, *supra*, and *Long v. Lockheed Missiles & Space Co.*, *supra*, but declined to resolve the issue:

> It is evident that the magistrate and the district court judge in the instant case treated the motion to remand as a nondispositive matter within the authority of the magistrate to determine by final order. While we note the existing and

7

conflicting caselaw on this issue, we need not enter the fray at this time for
we conclude that, in any event, we lack jurisdiction over this appeal.

*Unauthorized Practice of Law Committee v. Gordon*, *supra*, 979 F.2d at 13. *See also Jonas v. Unisun Ins. Co.*, 230 F.3d 1352 (4th Cir.2000) (unpublished) ("[T]his court has not addressed whether a magistrate judge may issue an order of remand...."). *But see, Wachovia Bank National Association v. Deutsche Bank Trust Co.*, ___ F. Supp. ___, 2005 WL 2994305 (WDNC, November 8, 2005) (motion to remand is a non-case-dispositive matter under 28 U.S.C. § 636(b)(1)(A); Magistrate Judge has authority to enter final order remanding case to state court); *See* 28 U.S.C. § 1447(d) (2000); *Pikkert v. Pastene*, No. 03-1212, 63 Fed.Appx. 166, 2003 WL 21154296 (May 20, 2003)(Magistrate Judge's remand order is not reviewable).

Even so, in an abundance of caution, the undersigned is entering a Report and Recommendation. Therefore, it is **RECOMMENDED** that this case be remanded to the Court of Common Pleas for Berkeley County. If either party in the above-captioned case seeks to file objections to this Report, the Office of the Clerk of Court shall forward this matter to the assigned United States District Judge. *See* Fed. R. Civ. P. 72(a).

**Thus, IT IS ORDERED that the Office of the Clerk of Court shall not immediately certify this matter to the Court of Common Pleas for Berkeley County.** If both parties in the above-captioned case fail to file written objections to this Report within fourteen (14) days after the Report is served, the Clerk of Court shall then certify this matter to the Court of Common Pleas for Berkeley County. If, however, either party files written objections to this Report the Clerk of Court, at the end of the fourteen-day period, shall

8

forward the objections to the assigned United States District Judge for a final disposition.


                                        s/Bruce Howe Hendricks
                                        United States Magistrate Judge

March 23, 2011
Charleston, South Carolina



*__The parties' attention is directed to the important notice on the next page__*.


### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the

portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).