## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bank of America, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:11-cv-00468-RMG |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Kenneth Weston, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on Defendant's Notice of Removal for the above-captioned action (Dkt. No. 1) as well as Magistrate Judge Hendricks' Report and Recommendation ("R&R" or "Report") (Dkt. No. 10). Plaintiff Bank of America ("BOA" or "Plaintiff") filed the instant action in state court on September 3, 2010, seeking foreclosure on Defendant Kenneth Weston's ("Defendant" or "Weston") real property. Defendant removed the case to the United States District Court for the District of South Carolina on February 28, 2011. In Defendant's Notice of Removal he contends: (1) the underlying state court action was commenced by BOA on September 3, 2010; (2) this Court has original jurisdiction over the issues insofar as they arise under the laws of the United States within the meaning of 28 U.S.C. §1331; (3) that BOA has not complied with 15 U.S.C. §1692, the Fair Debt Collection Practices Act (FDCPA); (4) that Defendant has filed a counterclaim which alleges that BOA has violated the FDCPA, the Truth-in-Lending Act, the National Housing Act, and the Real Estate Settlement Procedures Act (RESPA); (5) that BOA has violated the Defendant's right to equal protection under the law in violation of the Constitutions of the United States of America and the State of

Page 1 of 3

South Carolina; (6) that the "other bases for relief . . . arise out of . . . the same case and controversy, so that this Court has supplemental jurisdiction" over the other claims for relief; (7) that there is complete diversity of citizenship between BOA and the Defendant because BOA does business in the State of South Carolina, the Defendant is a citizen of Lisbon, Ohio, and the amount in controversy exceeds $75,000.00; (8) that the Federal Doctrine of Separation of Powers, the Commerce Clause, and the National Bank Act are all implicated in this action; and (9) that the removal is timely because the removability of the action was not apparent until January 27, 2011, the date BOA replied to the Defendant's Counterclaim.

This matter was referred to the United State Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e), D.S.C. A Report and Recommendation was issued by Magistrate Judge Bruce Hendricks on March 23, 2011, recommending that the instant action be remanded to the Court of Common Pleas for Berkeley County. (Dkt. No. 10.) Objections to the R&R were due by April 6, 2011, but to date, neither party has objected to the R&R. Instead, Plaintiff filed a Motion to Remand. (Dkt. No. 18.)

## ANALYSIS

This Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears Congress did not intend for the district court to review the factual and legal conclusions of the Magistrate Judge. Thomas v. Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the Magistrate Judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those

objections at the appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1985).[1]

As noted above, no objections have been filed to the Magistrate Judge's Report and

Recommendation.

A review of the record indicates that the Magistrate Judge's report accurately summarizes

the case and the applicable law. It is therefore **ORDERED** that the Magistrate Judge's Report

and Recommendation is adopted as the Order of this Court. For the reasons articulated by the

Magistrate Judge, it is hereby **ORDERED** that this matter is **REMANDED** to the Court of

Common Pleas for Berkeley County. Plaintiff's Motion to Remand (Dkt. No. 18) is **DENIED** as

moot.

**AND IT IS SO ORDERED**.

The Honorable Richard Mark Gergel
United States District Judge

**Charleston, South Carolina**
**April 29, 2011**

**NOTICE OF RIGHT TO APPEAL**
The parties are hereby notified of the right to appeal this Order within 30 days from the
date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1]In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a *pro se* litigant
must receive fair notification of the consequences of failure to object to a magistrate's report
before such a procedural default will result in waiver of the right to appeal. The notice must be
'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is
required.'" Wright, 766 F.2d at 846 (quoting Hudson v. Hardy, 412 F.2d 1091, 1094 (D.C. Cir.
1968)). Plaintiff was advised in a clear manner that his objections had to be filed within fourteen
(14) days, and he received notice of the consequences at the appellate level of his failure to object
to the Magistrate Judge's report.